

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2007

# Shahzad v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2495

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Shahzad v. Atty Gen USA" (2007). *2007 Decisions.* Paper 90.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/90

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2495

_____

ASIM SHAHZAD,
            *Petitioner*,

vs.

ATTORNEY GENERAL OF
THE UNITED STATES,
            *Respondent*.

_____

On Petition for Review of Order of the
Board of Immigration Appeals
BIA No. A73-631-918
Immigration Judge: Eugene Pugliese

_____

Submitted on November 28, 2007

_____

Before: BARRY, FUENTES and GARTH, *Circuit Judges*,
(Opinion Filed:   December 12, 2007)

_____

**OPINION**
_____

GARTH, *Circuit Judge*:

    Asim Shahzad ("Shahzad") petitions this Court for review of the Board of

Immigration Appeals ("BIA") order of March 28, 2006, affirming and adopting the Immigration Judge's ("IJ") decision, which denied Shahzad's motion to reopen to apply for adjustment of status on the grounds that it was untimely.

We find that the BIA and IJ did not abuse their discretion in denying Shahzad's motion to reopen and therefore deny the petition for review.

## I. FACTUAL AND PROCEDURAL HISTORY

A native and citizen of Pakistan and born November 16, 1967, Shahzad entered the United States on April 28, 1996 on a B-2 six-month visa and did not depart as required. His parents, Mushtaq Ahmed and Niaz Begum, filed separate petitions (Forms I-130) on his behalf on January 28, 1998. The visa petitions were approved on July 27, 1998 but a visa did not issue because Shahzad's parents were only permanent residents then and not yet naturalized U.S. citizens, and as a result, Shahzad's petition date did not fall within the appropriate cut-off date for eligibility.[1]

After the terrorist attacks of September 11, 2001, the U.S. Government established the National Security Entry-Exit Registration System, which required men at least 14 years old who were citizens from predominantly Muslim countries (including Pakistan) to register with the Immigration and Customs Enforcement. When Shahzad voluntarily

---

[1] According to the Visa Bulletin for August 2005, visas were issued to unmarried sons and daughters of permanent residents with petition dates before January 22, 1996. For unmarried sons and daughters of U.S. citizens, the applicable date was April 8, 2001. Admin. Rec. ("A-R") at 29.

complied with the registration, on February 4, 2003, the Department of Homeland Security served him with a Notice to Appear, charging him with removal on grounds of his overstay. He was detained for two days, but subsequently released on a $2,500 bond. Shahzad filed an asylum petition, which he subsequently withdrew. On January 11, 2005, the IJ issued a removal order, but allowed Shahzad until May 11, 2005 to voluntarily depart the United States. A-R at 135-136.

On August 9, 2005, Shahzad filed a motion to reopen proceedings before the IJ. He argued that he did not depart voluntarily by May 11, 2005 "[d]ue to a serious medical condition. . . ." A-R at 123 ("The alien's failure to depart was caused by a serious illness which made it dangerous for the alien to fly. The alien suffers from a cerebral hemorrhage and has been under a doctor's care for many years. This condition makes him subject to seizures and periods of unconscious."). He also noted that he was eligible for adjustment of status, which would eliminate the basis for his removal, because his father had become a naturalized U.S. citizen on July 29, 2005 such that his approved visa petition was made current.

The IJ stated that Shahzad had "not shown that his medical condition is so severe as to prevent him from leaving the United States." A-R at 117. The IJ also found that Shahzad had "not shown exceptional circumstances to excuse his failure to depart. . . ." *Id*.

Shahzad filed a timely appeal to the BIA, arguing that the IJ erred in finding that

his medical condition was not severe enough and that cerebral hemorrhage prevented him from departing voluntarily. Consequently, Shahzad argued that the IJ should have granted his motion to reopen and allowed him to apply for adjustment of status on the basis of his father's naturalization. A-R at 10-14.

On March 28, 2006, a single-member panel of the BIA affirmed and adopted the IJ's decision. The BIA found that Shahzad's August 9, 2005 motion was filed more than 90 days after the IJ's initial January 11, 2005 order. The BIA also held that there is no "exceptional circumstances" provision under 8 U.S.C. § 1229c(d), which bars an alien in violation of a voluntary departure order from applying for certain forms of discretionary immigration relief (including cancellation of removal and adjustment of status).

In his petition for review, Shahzad argues that the BIA and the IJ abused their discretion in denying his motion to reopen because he was eligible to adjust his status on the basis of his father's naturalization. The Government responds that the administrative agencies did not abuse their discretion since Shahzad's motion to reopen was filed more than 90 days after the IJ's initial voluntary departure order.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 8 U.S.C. § 1252(a)(1), which provides for judicial review of final orders of removal. *See Romanishyn v. Atty. Gen.*, 455 F.3d 175, 180 (3d Cir. 2006). Where, as here, the Board adopts the immigration judge's decision and adds

its own reasons, this Court reviews both decisions. *Fadiga v. Atty. Gen.*, 488 F.3d 142, 153, n. 16 (3d Cir. 2007). Our standard of review for questions of law is *de novo*. *Id.* at 153-54. We review findings of fact for substantial evidence and, therefore, may not set them aside unless a reasonable fact-finder would be compelled to find to the contrary. *Gabuniya v. Atty. Gen.*, 463 F.3d 316, 321 (3d Cir. 2006). The denial of a motion to reopen or reconsider is a discretionary issue, which we review for abuse of discretion. *See Sevoian v. Ashcroft*, 290 F.3d 166, 170-71 (3d Cir. 2002). "Under the abuse of discretion standard, the Board's decision must be reversed if it is 'arbitrary, irrational, or contrary to law.'" *Id*. at 174.

## III. DISCUSSION

The two questions in this appeal are (1) whether the BIA and IJ abused their discretion in denying Shahzad's motion to reopen on grounds that it was untimely and (2) whether Shahzad is statutorily barred from applying for adjustment of status.

### A.

8 U.S.C. § 1229a(c)(7)(C)(i) requires that a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." A decision becomes final "upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken," whichever comes first. 8 C.F.R. § 1003.39. Since Shahzad waived his

right to appeal the IJ's voluntary departure order, the operative start date for the 90-day period to file the motion to reopen was January 11, 2005.

The relevant dates in this case are not in dispute. Shahzad did not file a motion to reopen until August 9, 2005. As the BIA and IJ correctly found, this filing date was clearly more than 90 days after the IJ's order and therefore Shahzad's motion was untimely.

**B.**

Turning to the issue of whether Shahzad is barred from applying for adjustment of status, the Government argues that the BIA and IJ correctly found that 8 U.S.C. § 1229c(d)(1)(B) bars him for a period of 10 years from applying for adjustment of status because Shahzad did not depart the United States by May 11, 2005.

The BIA and the IJ did not abuse their discretion in finding that Shahzad's medical condition did not prevent him from voluntarily departing from the United States. The BIA reasoned that "the likelihood of the respondent suffering a seizure on the aircraft [wa]s not clear from the doctor's letter." A-R at 2. Though the journey would be potentially difficult, Shahzad's failure to depart was *voluntary*. Since 8 U.S.C. § 1229c(d)(1) applies to any alien who "voluntarily fails to depart," it extends to Shahzad. While Shahzad has repeatedly argued throughout these proceedings that his medical condition constitutes exceptional circumstances such that the statute does not apply to

him, his argument is based on a version of the statute repealed in 1996, as the BIA correctly noted. *See, e.g.*, *Barrios v. Att'y Gen.*, 399 F.3d 272, 272 (3d Cir. 2005). The current version of the statute does not provide for such exceptions.

## IV. CONCLUSION

In conclusion, we find that the BIA and IJ did not abuse their discretion in denying Shahzad's motion to reopen and therefore we deny the petition for review.